**XIU PING HUANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–6512–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Lorance Hockert, New York, NY, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

Present: JOSÉ A. CABRANES, ROSEMARY S. POOLER and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Ping Huang, a citizen of China, seeks review of a November 14, 2005 order of the BIA affirming the June 14, 2002 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ping Huang, Fang Fang Huang, Yuan Yuan Hu,* Nos. A97 484 984, A97 484 985, A97 849 320 (B.I.A. Nov. 14, 2005), *aff'g* Nos. A97 484 984, A97 484 985, A97 849 320 (Immig. Ct. N.Y. City June 14, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Even assuming that the IJ's adverse credibility finding, to the extent that it was affirmed by the BIA, was marred by serious error and that the IJ abused her discretion by denying Huang a continuance, remand would be futile because Huang has not submitted any evidence from which a reasonable fact finder could conclude that she suffered past persecution, had a well-founded fear of future persecution, or has demonstrated that it is more likely than not that her life or freedom would be threatened if she were returned to China. *See Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006) (holding that a remand need not be ordered despite legal errors if remand would be futile); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (stating standards for asylum and withholding of removal). Although she claims that she suffered past persecution on the basis of her opposition to China's birth control policies, she admitted that she had never been beaten, detained, threatened, or subjected to an abortion or sterilization. She also offered no evidence that a person in her circumstances—in her forties and no longer married with two grown children—

would have a reasonable possibility of being subjected to sterilization upon her return to China or that her life or freedom would be threatened because of her opposition to China's birth control policies. Finally, because petitioner has not briefed her CAT claim to this court, that issue is waived and we will not address it. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED.